**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Sierp, et al., | No. CV-14-02353-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| DeGreen Partners LP, et al., | |
| Defendants. | |

Plaintiffs have moved to remand this case to state court. Doc. 10. They argue that the Court lacks diversity jurisdiction because their only requested relief, a court-ordered inspection of Defendants' corporate records, does not present an amount in controversy that exceeds $75,000. The motion is fully briefed. Docs. 10, 14, 15. The Court will grant the motion.[1]

**I.      Background.**

On October 15, 2014, Plaintiffs Robert Sierp and Monitor Street, LLC filed a complaint labeled "Application for Order to Produce Partnership Records" in Maricopa County Superior Court. Doc. 1-1 at 11. The complaint alleges that Defendant Keith DeGreen encouraged Plaintiffs to invest in DeGreen Partners, a Delaware Limited Partnership, which was a new venture that promised a generous rate of return. *Id.* at 12-13. Plaintiffs invested $1.25 million. *Id.* at 13. Plaintiffs ultimately lost 81% of their

---

[1] Plaintiffs' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

investment and DeGreen returned $240,412. *Id.* at 14.

In 2014, Plaintiffs began to demand the production of various partnership records. *Id.* at 14-16. When DeGreen did not comply with these requests, Plaintiffs filed this lawsuit. *Id.* Plaintiffs named as Defendants Keith DeGreen, Lynn DeGreen, DeGreen Partners, LP, and DeGreen Capital Management, LLC. *Id.* at 12. Plaintiffs made only one request: that the "Court should order the immediate inspection and copying of the books and records pursuant to Plaintiffs' written demands." *Id.* at 20. Plaintiffs reserved "the right to amend the Complaint to assert any substantive claims that they discover upon review of the demanded materials." *Id.*

On October 23, 2014, Defendants removed the case to this Court. Doc. 1. The removal was based on diversity jurisdiction under 28 U.S.C. § 1332. *Id.* For the amount in controversy, the Notice of Removal stated: "The object of the litigation is Plaintiffs' $1,250,000.00 investment in Defendant DeGreen Partners LP and alleged loss thereof of nearly 81% or $1,009,588.00, for which Plaintiffs reserved the right to assert any substantive claims that they discover upon review of the demanded materials." *Id.* at 4. Plaintiffs argue that the amount in controversy requirement is unsatisfied because Plaintiffs merely seek to inspect Defendants' records. Doc. 10.

**II.    Legal Standards.**

Under 28 U.S.C. § 1332, Congress has "authorized the federal courts to exercise jurisdiction based on the diverse citizenship of parties." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A federal court has jurisdiction if the amount in controversy is more than $75,000 and "each plaintiff is diverse from the citizenship of each defendant." *Id*. "In cases removed from state court, the removing defendant has 'always' borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006). "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Id.* at 683 (citing *Sanchez v. Monumental Life*

*Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).

"'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347-48 (1977)).  The Ninth Circuit has phrased this rule in different ways: the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented," *Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976), or "the value of the particular and limited thing sought to be accomplished by the action," *Ridder Bros. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944). This value may be measured from the perspective of either party. *Ridder Bros.*, 142 F.2d at 399.

The amount in controversy must be reducible to a monetary amount. *Whittemore v. Farrington*, 234 F.2d 221, 225 (9th Cir. 1956) (citing *Barry v. Mercein*, 46 U.S. 103, 120 (1847)).  Diversity jurisdiction does not exist where the amount in controversy is speculative or incapable of being translated into monetary terms. *See, e.g.*, *Smith v. Adams*, 130 U.S. 167, 176 (1889); *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799-801 (7th Cir. 2003); *Jackson*, 538 F.2d at 831.  Furthermore, since there is a "strong presumption" against removal, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**III.    Analysis.**

As noted, Plaintiffs' only request for relief is a court-ordered inspection of the records and books of DeGreen Partners, LP.  The question is whether this request is reducible to a monetary statement.  The Court concludes that it is not.  From Plaintiffs' perspective, the value of inspecting DeGreen Partners' records is simply unknown.  If Plaintiffs find no evidence of wrongdoing in the records, this action may end with the inspection.  If Plaintiffs find evidence of wrongdoing, the inspection could result in civil claims that are worth more than $75,000.  But deciding whether Plaintiffs will find

evidence supporting civil claims, and how much those claims might be worth, is a speculative exercise. As another court explained, the "liberal standard for jurisdictional pleading is not a license for conjecture." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000).

Ample precedent supports the Court's conclusion. Addressing the question presented in this case, courts have found that the "right to inspect corporate documents . . . cannot be assigned a monetary value[.]" *Davis v. DCB Fin. Corp.*, 259 F. Supp. 2d 664, 676 (S.D. Ohio 2003); *see also Baldwin v. Bader*, No. 08-CV-431-P-H, 2009 WL 1585130, at *11 (D. Me. June 4, 2009); *No-Burn, Inc. v. Murati*, No. 5:08-CV-1990, 2008 WL 5725679, at *4 (N.D. Ohio Sept. 25, 2008) ("It is impossible to place a dollar value on the benefit, if any, [Plaintiff] would derive from obtaining access to [Defendant's] corporate records."); *Greenough v. Independence Lead Mines Co.*, 45 F.2d 659, 660 (D. Idaho 1930).

In circumstances similar to this case, appellate courts have also found the amount in controversy requirement unsatisfied. For example, there was no amount in controversy in an action for an "accounting of all amounts by which the [fund] has been funded and reduced," *DiTolla v. Doral Dental IPA of New York*, 469 F.3d 271, 272 (2d Cir. 2006), and in an action to obtain access to the text and amendments of a trust instrument, *Macken*, 333 F.3d at 799-801. In these cases, the value of the underlying fund (*DiTolla*) or trust (*Macken*) exceeded the requisite amount, but the courts found that the requested relief did not place the entire fund or trust in controversy. Rather, the right to an accounting or to inspect documents was in controversy, and that was not reducible to a monetary statement.

Defendants make several arguments to support their removal. First, they argue that in an action seeking inspection of corporate records, the amount in controversy is the value of the plaintiff's stock interest in the corporation. *See* Doc. 14 at 5 (citing *Rockwell v. SCM Corp.*, 496 F. Supp. 1123 (S.D.N.Y. 1980); *Rosen v. Alleghany Corp.*, 133 F. Supp. 858 (S.D.N.Y. 1955); *Textron, Inc. v. Am. Woolen Co.*, 122 F. Supp. 305 (D. Mass.

1954)). The cases cited by Defendants reason that the amount in controversy equals the shares held by the plaintiff because this is "the property right which plaintiff seeks to protect" in an action seeking inspection of records. *Rockwell*, 496 F. Supp. at 1125.

These cases are distinguishable. Plaintiffs no longer hold shares in DeGreen Partners, LP. *See* Doc. 1-1 at 14. Thus, it cannot be said that the property right that Plaintiffs seek to protect are their shares in the partnership. Furthermore, these cases involved plaintiffs who held shares for the explicitly-stated purpose of waging a proxy fight to control the corporation. *See Davis*, 259 F. Supp. 2d at 676 (distinguishing these cases because "inspection of shareholder lists was sought [in these cases] for use in a proxy fight"). This case does not involve a proxy fight. Plaintiffs simply seek to inspect DeGreen Partners' records. Although they may hope or even expect to eventually bring additional claims for concrete sums, the Court cannot say with any certainty that they will do so.[2]

Second, Defendants argue that DeGreen Partners' investor list, which is a part of the record that Plaintiffs seek to inspect, is worth approximately $100,000. Doc. 14-1 at 3. The amount in controversy, however, does not equal the value of Defendants' corporate records and investor lists. It equals "the value of the particular and limited thing sought to be accomplished by the action." *Ridder Bros.*, 142 F.2d at 399.[3] The particular thing sought to be accomplished is the inspection of Defendants' records.

Third, Defendants argue that the cost of complying with a court-ordered inspection

---

[2] Defendants cite *Stewart v. Geostar Corp.*, No. 07-13675-BC, 2008 WL 1882698, at *2-3 (E.D. Mich. Apr. 24, 2008), for the proposition that in an action seeking inspection of corporate records, the amount in controversy equals the value of the investors' shares. In Defendants' quotation from this case, they omit the key point that the plaintiffs in that case sought a "declaratory judgment regarding *share ownership* and inspection of corporate records[.]" *Id.* at *3 (emphasis added). In part because plaintiffs sought a declaratory judgment regarding their share ownership, the amount in controversy equaled the value of those shares.

[3] Defendants make the curious contention that this quote is dictum. *See* Doc. 14 n.1. This quote, however, was the rule by which the court decided whether the amount in controversy requirement was satisfied. The quote is not "a statement in a judicial opinion that could have been deleted without seriously impairing the analytical foundations of the holding[.]" *Sarnoff v. Am. Home Products Corp.*, 798 F.2d 1075, 1084 (7th Cir. 1986) (Posner, J.) (defining dictum).

would be approximately $50,000. Doc. 14-1 at 3. While the Court may consider the cost of compliance for Defendants, *see Ridder Bros.*, 1142 F.2d at 399, this amount does not exceed $75,000.

Finally, Defendants argue that their attorneys' fees in this case will exceed $75,000. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Ninth Circuit has not decided whether a court may include in the amount in controversy those attorneys' fees that a party anticipates incurring after removal. This Court, however, has previously found that "attorneys' fees may only be included in the amount in controversy if they were incurred before the date of removal; future attorney's fees are too speculative to be included." *Lane v. State Farm Mut. Auto. Ins. Co.*, No. CV12-0771-PHX-DGC, 2012 WL 2357370, at *2 (D. Ariz. June 20, 2012); *see also Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (same); *Reames v. AB Car Rental Servs., Inc.*, 899 F. Supp. 2d 1012 (D. Or. 2012) (same, but discussing how district courts are divided on this issue).

Under Arizona law, a court may award the successful party reasonable attorney fees "in any contested action arising out of a contract, express or implied[.]" A.R.S. 12-341.01. The Court assumes, without deciding, that this action arises out of a contract, since Plaintiffs' request arises in part out of their "partnership agreement" with Defendants. Doc. 1-1, ¶ 36. According to a declaration, Defendants have incurred approximately $25,000 in attorneys' fees as of the date of removal. Doc. 14-1 at 6. This amount alone is insufficient. When combined with Defendants' cost of complying with a court-ordered inspection, the amount is raised to exactly $75,000. The amount in controversy, however, must exceed $75,000. 28 U.S.C. § 1332(a). The Court finds that alleging that the amount in controversy is "approximately" $75,000 does not satisfy Defendants' burden of establishing by a preponderance of the evidence that the amount exceeds $75,000. The amount in controversy requirement not being satisfied, the case

must be remanded for lack of subject-matter jurisdiction.

As noted earlier, there is a "strong presumption" against removal and "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. The Court concludes that Defendants have not overcome this strong presumption.

## IV.   Attorneys' Fees.

Plaintiffs request an award of attorneys' fees under 28 U.S.C. § 1447(c). Doc. 10 at 5. Section 1447(c) states that a district court may require payment of just costs and attorneys' fees incurred as a result of an improper removal. Absent unusual circumstances, however, costs and fees "'should not be awarded when the removing party has an objectively reasonable basis for removal.'" *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)).

The Court cannot conclude that Defendants lacked an objectively reasonable basis for removal. Neither the Supreme Court nor the Ninth Circuit has addressed whether a request for a court-ordered inspection of records satisfies the amount in controversy requirement, and Defendants' arguments were made in good faith with citation to relevant authority.

**IT IS ORDERED:**

1. Plaintiffs' motion to remand (Doc. 10) is **granted.**
2. Defendants' motion to dismiss (Doc. 6) is **denied as moot**.
3. Plaintiffs' request for attorneys' fees under 28 U.S.C. § 1447(c) is **denied.**
4. The Clerk of the Court shall remand this case to the Maricopa County Superior Court.

Dated this 4th day of February, 2015.

_____
David G. Campbell
United States District Judge